UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN AGATHA COOPER-BELANGER,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-00769 CKD<br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.[1]

BACKGROUND

Plaintiff, born May 21, 1962, applied on February 17, 2010 for SSI, alleging disability beginning February 2, 2009. Administrative Transcript ("AT") 174-178. Plaintiff alleged she

---

[1] The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1). ECF Nos. 5 and 6.

was unable to work due to a concussion in 2004, poor memory, depression, and chronic headaches. AT 106. In a decision dated April 13, 2012, the ALJ determined that plaintiff was not disabled.[2] AT 28-40. Plaintiff sought review of this decision in a federal case, <u>Cooper-Belanger v. Colvin</u>, No 2:14-cv-0533 DAD (E.D. Cal.), and on September 8, 2015, the court reversed the Commissioner's decision and remanded for further administrative proceedings. (AT 655-669.) The court noted that "the ALJ's treatment of plaintiff's subjective testimony was plaintiff's sole challenge to the ALJ's opinion presented in this action." (AT 668.) As to the scope of remand, the court instructed: "On remand, if the ALJ again finds plaintiff to be less than credible, the ALJ shall offer specific, clear and convincing reasons for doing so." (AT 668.) The

---

[2]   Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. <u>See</u> 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

<u>Lester v. Chater</u>, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

   The claimant bears the burden of proof in the first four steps of the sequential evaluation process. <u>Bowen</u>, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. <u>Id</u>.

Appeals Council subsequently vacated the ALJ's 2012 decision and remanded the case for a new decision consistent with the court's order. (AT 673.)

After a second hearing on plaintiff's claim for benefits, on December 15, 2016, the ALJ issued a second decision determining that plaintiff was not disabled. (AT 577-591.) The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2012.
>
> 2. The claimant has not engaged in substantial gainful activity during the period from her alleged onset date of February 2, 2009 through her date last insured of December 31, 2012.
>
> 3. Through the date last insured, the claimant had the following severe impairments: headaches, depression, and fibromyalgia.
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work, simple repetitive tasks with no frequent public contact.
>
> 6. Through the date last insured, the claimant was unable to perform any past relevant work.
>
> 7. The claimant was born on May 21, 1962, which defined as a younger individual age 18-49, on the date last insured.
>
> 8. The claimant has at least a high-school education and is able to communicate in English.
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled' whether or not the claimant has transferable job skills.
>
> 10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could have performed.

AT 579-590.

/////

/////

3

ISSUES PRESENTED

Plaintiff argues that the ALJ failed to articulate legally sufficient reasons for discounting her subjective complaints.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

As in her earlier lawsuit, plaintiff challenges the ALJ's conclusion that her subjective complaints were less than credible. In its order of remand, the court directed that, if the ALJ again found plaintiff to be less than credible, "the ALJ shall offer specific, clear and convincing

reasons for doing so." (AT 668.) Plaintiff argues that the ALJ failed to meet this standard.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345-47. The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n.6 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

////

The ALJ made the following findings as to plaintiff's credibility:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.
>
> In terms of the claimant's alleged impairments, the undersigned does not find her to be as impaired as she claims. On January 23, 2009, she requested a return to work on light duty.[3] She had undergone a hysterectomy three weeks before and was doing well. (Exhibit 2F9, 23). Then on March 13, 2009, she requested to be off work for six more months. (Exhibit 2F11). On May 11, 2009, her treating physician, Gary McClure, Ph.D. was treating her for depression. He noted that she was leaving for a 3-week Canadian vacation. In June of 2009, she reported the trip went well and she had some fatigue. She took a second trip to Canada from July 13, 2009 to July 22, 2009. She reported being exhausted but her trip went ok (Exhibit 1F/5-6). Although vacations and disability are not necessarily mutually exclusive, the claimant's decision to go on a vacation, especially one requiring interstate travel, tends to further suggest that the alleged symptoms and limitations are not consistent with the medical evidence.
>
> The record reflects that the claimant has had many normal mental status examinations.[4] On March 15, 2016, the claimant was negative for hallucinations, mood swings, paranoia and suicidal ideation (Exhibit 27F2).
>
> The allegations are inconsistent with the medical evidence of record and the claimant's activities of daily living. The claimant makes breakfast and does the laundry. She does go shopping for groceries and other things (Testimony). The claimant is able to watch television and movies (Exhibit 23F/48). She uses the computer for games and Facebook (Exhibit 23F/49). The claimant took walks. The claimant did not report extreme limitations in her daily activities to her treatment providers and they did not suggest that she needed in home assistance.
>
> The claimant's treating physician, Harvey Widroe, MD, reported on November 23, 2010 that the claimant was doing well all in all. On December 21, 2010, she reported that her energy was good and her concentration was fair. On March 17, 2011, she reported being more depressed and with low energy. On May 12, 2011, she reported going to a gym 3-4 times a week. She also reported reading a lot of books (Exhibit 21F). On March 6, 2012, she had no

---

[3] At that time, plaintiff worked as the department manager in a store. (AT 63, 248.)

[4] See, e.g., AT 840, 843, 847, 851, 855, 859, 862.

6

> side effects from her medications. She was having good response to treatment and her prognosis was 'good' (Exhibit 22F).
>
> . . .
>
> The claimant testified that she is still seeing a therapist, but the medical records do not support her testimony.[5] She has not had any mental treatment since May of 2011. Furthermore, Dr. Widroe stated that she was stable and less depressed in May of 2011. She reported going to the gym 3-4 times a week and reading a lot of books. She loved to sit and read (Exhibit 21F12).
>
> The undersigned also notes that the claimant does not have a long-term strong work history in the United States. She noted that is due to coming here from Canada (Exhibit 23F/46). Her earnings record only shows earnings beginning in 2002 and ending in 2009 (Exhibits 3D-4D). She reported that she quit all of her jobs because she was fatigued and having problems thinking at work but she was never fired.

AT 588-589.

The ALJ also made the following findings related to credibility:

> The medical history demonstrates that the claimant suffered a concussion in 2007 – she hit her head on a metal door at work. She implies in record and at hearing that she has continued difficulty with concentration, and attention from this injury. However, there is no support of these allegations.

AT 582.

> Although the claimant has been diagnosed with fibromyalgia, she has never been seen by a rheumatologist (Exhibit 27F23). The claimant reports that her symptoms include decreased mobility, spasms and weakness (Exhibit 27F38).

AT 538.

> The claimant's treating physician, Harvey Widroe, MD, reported on November 23, 2010 that the claimant was doing well all in all.[6] . . . The doctor noted that the claimant was not receiving regular treatment for her moderate depression and accorded her a GAF of 80 (indicative of only transient symptoms). She had no side effects from her medications. She was having good response to treatment and her prognosis was 'good' (Exhibit 22F).[7]

---

[5] See AT 74 (February 28, 2012 testimony that plaintiff was "still seeing" Dr. Widroe), AT 481-485 (Dr. Widroe treatment records ending May 21, 2011).

[6] See AT 485 (November 23, 2010 treatment notes).

[7] See AT 487 (March 6, 2012 mental residual functional capacity assessment).

7

AT 585.

To summarize, with respect to the period of alleged disability spanning February 2009 to December 2012, the ALJ cited numerous factors in finding plaintiff's subjective complaints less than credible, including: the lack of any medical evidence that her 2007 head injury resulted in problems with concentration and attention, as she claimed; the lack of treatment by a rheumatologist for her fibromyalgia; the lack of any mental treatment between May 2011 and her February 2012 testimony, despite her affirmation that she was currently seeing a therapist; and her doctor's November 2010 report that she was doing well and receiving no regular treatment for her depression. See Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007) (evidence of conservative treatment is sufficient to discount a claimant's testimony regarding severity of an impairment). The ALJ also cited plaintiff's daily activities, including cooking, laundry, shopping, going to the gym, and reading; and her work history, including requesting six months' leave in March 2009, taking two vacations to Canada during that time, and reporting that the trips went well. See Tommassetti v. Astrue, 533 F.3d 1035, 1040 (9th Cir. 2008) (finding that ALJ properly inferred from plaintiff's travel to Venezuela that he was not as physically limited as he claimed). The ALJ also noted plaintiff's many normal mental status examinations and her assessed GAF of 80 in November 2010, suggesting only mild impairment. See Carmickle v. Comm'r Soc. Sec. Admin., 553 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.").

The undersigned concludes that the ALJ used the proper process and provided proper reasons for making an adverse credibility finding, consistent with the order of remand.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is granted;

/////

/////

/////

and

3. Judgment is entered for the Commissioner.

Dated: May 29, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ cooper0769.ssi.ckd